IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs.<br><br>**1) JOSE ALMONTE-PEÑA**<br>a/k/a Joselito, a/k/a Compadrito<br>Counts 1, 2, and 3<br>2) MATEO JUAN HOLGUIN-OVALLE<br>a/k/a El Don<br>Count 2<br>3) MANUEL ANTONIO PAULINO<br>a/k/a Campi, a/k/a Capi<br>Counts 2, 3 and 4<br>4) JEROVIN EDUARDO UBIERA<br>a/k/a Jevo<br>Counts 1 and 2<br>5) MIGUEL MENDEZ-ROJAS<br>Counts 1 and 2<br>6) ANGEL R. GARCIA<br>a/k/a Rene<br>Counts 1, 2, 3 and 4<br>7) RAFAEL INOA SANTANA<br>a/k/a Felo<br>Count 1<br>8) CARLOS JACA-NAZARIO<br>a/k/a Jaca<br>Counts 1 and 3<br><br>Defendants | CRIMINAL 03-0153CCC |

**O R D E R**

Before the Court are the Sealed[1] Objections to Pre-Sentence Report filed by defendant José A. Almonte-Peña on March 15, 2006 (**docket entry 327**), and its attachments. Defendant has raised both factual and legal objections. Having reviewed them, the Court RULES as follows:

---

[1] Defendant's Motion Filing Documents Under Seal (**docket entry 326**) is GRANTED.

CRIMINAL 03-0153CCC                              2

- FACTUAL OBJECTIONS:

Factual objections 1 and 4 have been resolved, as reflected in the Pre-Sentence Report (PSR) that was filed with the Court (docket entry 329), so they have turned MOOT.

As to factual objection 2, it seeks that ¶7 at page 2 of the PSR be amended so that co-defendant Rafael Inoa be identified as the owner of the 1,000 kilograms of cocaine that arrived to Puerto Rico on April 1, 2003, of which 153 kilograms were seized by Enforcement Group I on April 2, 2003. Given ¶8 at p. 2 of the PSR, which remains undisputed, and where it is established that defendant Almonte-Peña brokered at least 153 kilograms of cocaine, the correction requested to ¶7 is irrelevant for purposes of sentencing and is OVERRULED.

Regarding factual objection 3, through which defendant objects his description as the owner of 30 kilograms of cocaine seized as made in ¶10, p. 3 of the PSR, **the U.S. Probation Officer shall submit to the Court by MAY 8, 2006** the evidence she has to support that assertion since it is contrary to the information contained in ¶17 of the D.E.A. Report of Investigation prepared on July 13, 2004 (Exhibit 1 of defendant's Sealed Objections).

- LEGAL OBJECTIONS:

As to legal objection 1, the failure of the PSR to identify as a ground for a downward departure defendant's assistance to prison authorities while on pretrial detention, **the United States shall respond by MAY 8, 2006** to defendant's claim for a U.S.S.G. §5K2.0 departure based on the conduct described at page 4 of the Sealed Objections.

Regarding legal objection 2, which challenges the two-level upward adjustment for a managerial role applied under U.S.S.G. §3B1.1(c), **the U.S. Probation Officer shall submit to the Court by May 8, 2006** the materials which contain the information obtained from phone calls which allegedly show that defendant coordinated, gave instructions and controlled others.

Legal objection 3, which requests a two-level downward adjustment under U.S.S.G. §2D1.1(b)(7) for compliance with the "safety valve" provisions, is subject to the determination

CRIMINAL 03-0153CCC                        3

of whether the leadership enhancement shall be applied.  See U.S.S.G. §5C1.2(a)(4).  In any event, **the United States shall inform by May 8, 2006** if defendant complied with the fifth prong of the "safety valve."  See U.S.S.G. §5C1.2(a)(5).

   Defendant's legal objection 4, which contests the base offense level of 38 applied to him under U.S.S.G. §2D1.1(c), is OVERRULED.  The undisputed information contained in ¶8, p. 2 of the PSR regarding defendant's responsibility for at least 153 kilograms of cocaine in the conspiracy charged is enough to trigger the application of the base offense level of 38.  Furthermore, the Court NOTES that the base offense level of 36 applied to co-defendant Rafael Inoa was based on the drug amount stipulated in the Plea Agreement which he entered (docket entry 290), while movant entered a straight plea.  The contractual element of Mr. Inoa's plea removes him as a defendant similarly situated to defendant Almonte-Peña in that sense.

   SO ORDERED.

   At San Juan, Puerto Rico, on April 27, 2006.

                              S/CARMEN CONSUELO CEREZO
                              United States District Judge